UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN MCLAUGHLIN, *on behalf of themselves, and all others similarly situated, et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   CAUSE NO. 1:23-cv-00527-HAB-SLC |
| TAYLOR UNIVERSITY, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiffs filed the class action complaint in this suit on December 21, 2023, alleging jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). The complaint alleges that Plaintiff Justin McLaughlin is "a natural person who resides in California"; that Plaintiff Aturina Eshw is "a natural person who resides in Illinois"; and that Defendant Taylor University "is a private university located in . . . Indiana." (ECF 1 ¶¶ 12, 16, 20).

Plaintiffs' complaint is inadequate with respect to CAFA jurisdiction. As to Plaintiffs' citizenship, the "residency" of a plaintiff is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which

depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised as to each of the named Plaintiffs' citizenship, not residency.

Second, as to Defendant Taylor University, the complaint fails to allege: (1) the state under whose laws Defendant is organized (if an unincorporated association) or incorporated (if a corporation), and (2) the state where Defendant has its "principal place of business." 28 U.S.C. §§ 1332(c)(1), (d)(10). Defendant is deemed to be a citizen of both of these states for purposes of CAFA jurisdiction, and thus, the Court needs to be informed accordingly. *Id.*

As the parties invoking federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that CAFA's jurisdiction requirements have been met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Accordingly, Plaintiffs are AFFORDED to and including March 6, 2024, to file a supplemental jurisdiction brief that properly articulates the citizenship of each party.[1]

SO ORDERED.

Entered this 28th day of February 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).