IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JUSTIN MCLAUGHLIN, et al.,

           Plaintiffs,

v.

TAYLOR UNIVERSITY,

           Defendant.

CAUSE NO.: 1:23-cv-527-HAB-SLC

## PROPOSED JOINT AMENDED CASE MANAGEMENT PLAN

NOW COME Plaintiffs Justin McLaughlin and Aturina Eshw ("Plaintiffs") and Defendant Taylor University (hereinafter "Taylor University" or "Defendant"), by their respective counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and state as follows:

1. The parties submitted a Report of Parties' Planning Meeting on February 26, 2024. (ECF No. 14.)

2. On February 29, 2024, the Court held a status conference with the parties and determined a stay of discovery was appropriate pending its decision on Defendant's Motion to Dismiss Plaintiffs' Complaint (ECF No. 12).

3. On September 23, 2024, the Court issued its Opinion and Order on the Motion, granting the Motion in part and denying it in part. (ECF No. 32.)

4. On September 30, 2024, following the Court's September 23, 2024 Opinion and Order on Defendant's Motion to Dismiss (ECF No. 32), the Parties submitted a revised proposed case management plan for the Court's consideration (ECF No. 33).

5. On October 1, 2024, the Court held a Telephonic Rule 16 Preliminary Pretrial Conference. The Court approved the Parties' Report of Planning Meeting (ECF No. 34) and entered a Scheduling Order and Memorandum of Pretrial Conference (ECF No. 35) setting forth case management deadlines pursuant to Fed. R. Civ. P. 16(b).

6. The Parties now jointly request a 90-day extension of the deadlines set forth in the Court's October 1, 2024 Scheduling Order (ECF No. 35). In support of this request, the Parties provide the following update on the litigation:

   a. The Parties have diligently been engaged in discovery. The Parties have exchanged written discovery and have attended several meet and confer conferences to work through alleged deficiencies in the Parties' respective answers, responses, and document productions.

   b. Plaintiffs intend to file a Motion to Compel pursuant to Fed. R. Civ. P. 37 to compel Defendant to produce certain documents related to Defendant's forensic investigation of the data incident giving rise to this litigation. Defendant also intends to file a Motion to Compel pursuant to Fed. R. Civ. P. 37 related to deficiencies identified in Plaintiffs' responses to Defendant's first set of interrogatories.

   c. The Motions to Compel will need to be fully briefed by the Parties and considered by the Court.

   d. The Parties have also agreed to explore potential informal resolution of this matter. To that end, Plaintiffs issued a settlement demand to Defendant on June 16, 2025.

  e. Plaintiffs have an upcoming deadline of June 27, 2025 to disclose the identity of any class certification Rule 26(a)(2) witness and the witness's written report.

  f. Given the pending discovery disputes, including the forthcoming Motions to Compel, and the Parties' desire to attempt informal settlement negotiations of this matter, the Parties mutually agree it would be beneficial to extend all deadlines in this matter by ninety (90) to give the Parties additional time to work through discovery disputes and potential informal resolution of the case.

7. Accordingly, the Parties hereby submit a revised proposed case management plan for the Court's consideration.

---

8. **Jurisdiction.**

The Court has diversity jurisdiction under 28 USC § 1532. The parties agree that complete diversity exists between the parties.

9. **Pre-Discovery Disclosures.**

The parties exchanged, but did not file, Rule 26(a)(1) information on March 8, 2024.

10. **Discovery Plan.** The parties propose the following discovery plan:

  A. Discovery will be needed on the following subjects:

  The events and circumstances giving rise to the Data Incident that is the subject of Plaintiffs' claims, and to Plaintiffs' alleged injuries, including but not limited to:

   i. Defendant's cybersecurity protocols and safeguards in place prior to the Data Incident;
   ii. The types of personal information potentially or actually compromised and/or exfiltrated as a result of the Data Incident;
   iii. The number of persons broken down by state who Defendant believes may have had their personal information compromised in the Data Incident;
   iv. Plaintiffs' alleged damages and any alleged causal nexus to the Data

     Incident;
  v. Plaintiffs' interactions with Defendant;
  vi. Issues relating to class certification; and
  vii. Any other issues implicit in Plaintiffs' complaint and Defendant's answer and affirmative defenses.

 B. Disclosure or discovery of electronically stored information should be handled as follows:

  The parties are working together to complete an ESI supplement to the proposed case management order.

 C. The last date to complete all fact and merits expert discovery is July 23, 2026.

 D. Maximum of 30 interrogatories by each side.

 E. Maximum of 30 requests for admission by each side.

 F. Maximum of 45 requests for production by each side.

 G. Maximum of 8 depositions by Plaintiffs, inclusive of 30(b)(6) and expert depositions, and 8 by Defendant, inclusive of expert depositions. Each deposition is limited to a maximum of 7 hours unless extended by stipulation or Order of the Court.

 H. The parties must disclose the identity of any class certification Rule 26(a)(2) witness and the witness's written report (if applicable) by:

  September 25, 2025 for Plaintiffs;

  November 10, 2025 for Defendant; and

  December 21, 2025 for Rule 26(e) supplements.

11. **Other Items.**

 *A.* The last date the Plaintiffs could seek permission to join additional parties and to amend the pleadings was May 3, 2024.

 *B.* The last date the Defendant could seek permission to join additional parties and to amend the pleadings was May 18, 2024.

 *C.* The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

D.  The Parties agree to the following Class Certification Briefing Deadlines:

Plaintiffs shall move for class certification on or before December 21, 2025. Defendant shall file its response in opposition on or before <u>60 days</u> after Plaintiffs serve the motion for class certification. Plaintiffs shall file a reply in further support on or before <u>30 days</u> after the Defendant's response to the motion for class certification is served. The court shall set a hearing on Plaintiffs' motion for class certification once the motion is fully briefed, which is anticipated to be in March 2026<u>.</u>

E.  The case should be ready for jury trial by January 2027 and at this time is expected to   take approximately 5 days.

F.  At this time, all parties do not consent to refer this matter to the currently assigned    Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further    proceedings including trial and entry of judgment.

12. **Alternative Dispute Resolution.**

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation

The parties will agree upon a mediator on or before November 1, 2024.

Date: June 24, 2025

 /s/ Lynn A. Toops                                   /s/ Georgia L. Bennett

Lynn A. Toops (No. 26386-49)           Philip R. Zimmerly, Attorney No.
Amina A. Thomas (No. 34451-49)      30217-06
COHEN & MALAD LLP                         Tyler J. Moorhead, Attorney No.
One Indiana Square, Suite 1400          34705-73
Indianapolis, Indiana 46204                **BOSE MCKINNEY & EVANS**
(317) 636-6481                                      **LLP**
ltoops@cohenmalad.com                   111 Monument Circle, Suite 2700
athomas@cohenmalad.com               Indianapolis, Indiana 46204
                                                              Telephone: 317.684.5000
**Counsel for Plaintiffs**                       Facsimile: 317.684.5173
                                                              PZimmerly@boselaw.com
                                                              TMoorhead@boselaw.com

                                                              John P. Hutchins (*pro hac vice*)
                                                              Georgia L. Bennett (*pro hac vice forthcoming*)

**BAKER & HOSTETLER LLP**
1170 Peachtree Street NE, Suite 2400
Atlanta, Georgia 30309
Telephone: 404.946.9841
Facsimile: 404.459.0050
jhutchins@bakerlaw.com
gbennett@bakerlaw.com

*Counsel for Defendant*