BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

John P. Hutchins
direct dial: 404.946.9812
jhutchins@bakerlaw.com

February 4, 2025

**VIA E-MAIL**

Lynn A. Toops
(ltoops@cohenandmalad.com)
Amina A. Thomas
(athomas@cohenandmalad.com)
Emily D. Kopp (ekopp@cohenandmalad.com)
J. Gerard Stranch, IV
(gstranch@stranchlaw.com)
Grayson Wells
(gwells@stranchlaw.com)

Andrew E. Mize
(amize@stranchlaw.com)
Samuel J. Strauss
(sam@straussborrelli.com)
Raina C. Borrelli
(raina@straussborrelli.com)

*Re:* *McLaughlin et al. v. Taylor University*, Case No. 1:23-cv-00527-HAB-SLC // Deficiency Letter Regarding Plaintiffs' Discovery Responses, Document Production, and Initial Disclosures

Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 26(f) regarding deficiencies identified in the discovery responses and document productions provided by Plaintiffs Justin McLaughlin ("McLaughlin") and Aturina Eshw ("Eshw," together with McLaughlin, "Plaintiffs") on December 20, 2024. Defendant further renews its objections to Plaintiffs' Initial Disclosures.

**Initial Disclosures**

On November 20, 2024, we sent a letter titled Deficiency Letter Regarding Plaintiffs' Initial Disclosures. That letter is re-attached here. We initially asked that Plaintiffs correct the deficiencies identified by December 6, 2024. We did not receive a response to the letter, and on December 9, 2024, sent an email to you asking for availability to meet and confer. Again, we received no response. On December 30, 2024, we sent another email seeking a meet and confer. Once again, we did not receive a response. We are now forced to send this second letter, and we are once again asking for your availability to meet and confer with us on the deficiencies identified

in our November 20, 2024 letter. While we believe the issues identified could be resolved through meeting and conferring, your refusal to respond will leave us with no choice but to move to compel supplemental disclosures.

**Interrogatory Responses**

Both Plaintiffs object to Interrogatory No. 2 on the grounds that it is "overbroad, not proportional to this litigation, and as having an unduly burdensome number of subparts." On that basis, Plaintiffs unilaterally limit the time period that seeks relevant information for the five years *prior to* the Data Security Incident and "will, instead, only respond based on the time period *after* the Data Breach occurred." (emphasis added). Plaintiffs have not provided any basis to limit the time period, and we object to this limitation because the information sought is directly relevant to Plaintiffs' remaining claims and our client's defenses. Plaintiffs claim that they have suffered various harms as a result of *this* Data Security Incident suffered by Defendant. If Plaintiffs have been notified of any actual or suspected misuse, theft, or fraud that is not related to Defendant, that information is directly relevant to Plaintiffs' claims in this case. As Defendant argued in its Motion to Dismiss, Plaintiffs lack any cognizable loss that can be tied to this Data Security Incident. Eshw claims that she suffered one unauthorized credit card charge in October 2023 for iStreaming, and receives fraudulent emails and texts, but her notice letter (Eshw_000001) only lists her name and Social Security number as being potentially involved in the Data Security Incident. McLaughlin states he has received spam calls and notice from IDX that his information is on the "dark web", but his notice letter (McLaughlin_000001) states only his name and Social Security number were potentially involved. Whether either Plaintiff has been notified of their information being involved in other data security incidents, or notified of any potential compromise of their data, is obviously relevant and discoverable.

For Interrogatory No. 4, Plaintiffs withhold responsive information on the basis that the information seeks to "harass" Plaintiffs, is not proportionate to the needs of the case, is irrelevant, and overbroad. There is no legitimate basis for withholding information regarding Plaintiffs' disclosure to others regarding information about Plaintiffs' web-based accounts, log-in information, and steps used to secure those accounts. If, as Eshw claims, her Chase debit card, email, and cell phone have been receiving spam and misuse, then whether she has shared information about those accounts with other entities is relevant. And if she has failed to take steps to secure her accounts, that is also directly relevant to Defendant's argument that it did not cause her alleged harms. The same is true of McLaughlin who alleges spam and his data being available on the "dark web."

Relatedly, for Interrogatory No. 5, Plaintiffs withhold information regarding the PII exposed and shared on Plaintiffs' social media accounts. Plaintiffs claim "[w]hether Plaintiff voluntarily decided to post [his/her] PHI, PII, to [his/her] social media is completely irrelevant here, where Defendant failed to implement adequate cybersecurity to protect Plaintiff's PII." But whether the information Plaintiffs allege has been compromised and subject to misuse and spam is already available by Plaintiffs' own sharing of that data is obviously directly relevant.

Similar to the other responses identified herein, in response to Interrogatory No. 6, Plaintiffs refuse to provide responsive information regarding whether Plaintiffs' mobile phone applications require use of Plaintiffs' PII, personal contact information, payment card information,

bank account information, or other financial information. In response to Interrogatory No. 14, Plaintiffs refuse to identify every employer or educator, other than Defendant, to which Plaintiffs provided have provided any PII. As explained, whether Plaintiffs information was vulnerable to misuse or theft from sources other than Defendant is relevant.

In McLaughlin's response to Interrogatory No. 10, please supplement to provide the "date subscribed" to the various services listed.

Further, Plaintiffs include a general objection in nearly all responses that the request "exceed[s] the limit of 25 interrogatories set out by Fed. R. Civ. P. 33." This objection is unfounded. Defendant have served 16 interrogatories. Courts within the Seventh Circuit have repeatedly clarified that the language in Fed. R. Civ. P. 33(a)(1) that limits parties to "25 interrogatories, including all discrete subparts" means that "interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question." *Talevski v. Carter*, No. 2:05 CV 184, 2007 WL 1797634, at *5 (N.D. Ind. June 18, 2007) (citations omitted). Each interrogatory subpart in Defendant's interrogatories seeks information necessarily related to the primary question. Plaintiffs' objection is baseless, and to the extent any information has been withheld on this objection, please supplement your responses to provide responsive information.

**<u>Document Responses</u>**

In response to Request No. 2, Eshw states she does not have additional responsive documents. However, Eshw's response to Interrogatory No. 2 states that she had a fraudulent charge on her Chase debit card. Her document production does not provide any support for this. Please supplement your production to the extent Eshw has responsive information or confirm no responsive information exists. Further, please confirm all of the "numerous fraudulent text messages" have been produced (Eshw_000007-8). Plaintiff states she will produce "examples" of the spam she received, but all texts are relevant and responsive. McLaughlin's response to Interrogatory No. 2 states that he was receiving 15-20 spam calls an hour prior to spending time to block them. But in response to Request No. 2, McLaughlin stated there were no responsive documents other than his notice from Defendant. Please supplement your production with documents showing the spam calls and "steps" McLaughlin took to block them, to the extent they exist.

In response to Request No. 10, Plaintiffs unilaterally limit the relevant time frame with no support, stating they will only produce documents "based on the time period after the Data Breach occurred." As explained above, whether Plaintiffs have suffered other instances of actual or attempted fraud, theft, or misuse, even before the Data Security Incident, is relevant to Plaintiffs' remaining claims and Defendant's defenses.

Plaintiffs put forth a litany of general, boilerplate objections in response to Request No. 15, including several that are completely unrelated to the documents sought, like the objection that the "information is equally accessible–and perhaps even more accessible–to Defendant." Plaintiffs' communications with putative class members regarding their claims, as one example, is not information that could possibly be known by the Defendant. On the basis of their general objections, Plaintiffs state they "cannot respond." Please explain whether Plaintiffs simply need

clarification from Defendant to be able to respond. If, on the other hand, Plaintiffs are refusing to respond, Defendant seeks to meet and confer on this objection.

Moreover, Plaintiffs have refused to produce documents in response to Request Nos. 1, 7, 11, and 14. Defendant seeks to meet and confer regarding the wholesale refusal to search for or produce responsive documents.

****

Defendant asks that Plaintiffs correct all deficiencies identified above by **February 10, 2025**. If Plaintiffs will not, or if meeting and conferring with us regarding these issues does not resolve them, then Defendant will file a motion to compel.

Sincerely,

John Hutchins

cc: Philip Zimmerly (pzimmerly@boselaw.com)
Tyler Moorhead (tmoorhead@boselaw.com)
Georgia Bennett (gbennett@bakerlaw.com)

# BakerHostetler

Baker&Hostetler LLP

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

John P. Hutchins
direct dial: 404.946.9812
jhutchins@bakerlaw.com

November 20, 2024

**<u>VIA E-MAIL</u>**

Lynn A. Toops
(ltoops@cohenandmalad.com)
Amina A. Thomas
(athomas@cohenandmalad.com)
J. Gerard Stranch, IV
(gstranch@stranchlaw.com)

Andrew E. Mize
(amize@stranchlaw.com)
Samuel J. Strauss
(sam@straussborrelli.com)
Raina C. Borrelli
(raina@straussborrelli.com)

*Re:* *McLaughlin et al. v. Taylor University*, Case No. 1:23-cv-00527-HAB-SLC // Deficiency Letter Regarding Plaintiffs' Initial Disclosures

Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 26(f) regarding a deficiency in the Initial Disclosures made by Plaintiffs' Justin McLaughlin and Aturina Eshw. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to provide "a computation of *each category of damages claimed by the disclosing party*–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." (Emphasis added). The Initial Disclosures state that "Plaintiffs have not yet determined the total amount of class-wide damages . . . because Defendant has not yet produced the documents and data necessary to estimate damages." Then Plaintiffs list the categories of class-wide damages sought in the Complaint. However, these statements do not address the purported damages of the named Plaintiffs individually and therefore fail to comply with Rule 26.

Rule 26 provides that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case. . ." Fed. R. Civ. P. 26(a)(1)(E); *see, e.g., Trinidad v. Sch. City of E. Chicago*, No. 2:19-CV-90-JTM-JPK, 2019 WL 13189514, at *1-2 (N.D. Ind. Sept. 18, 2019) (granting motion to compel where plaintiff's initial disclosures only repeated the damages sought in the complaint); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-CV-

268 JD, 2017 WL 3016385, at *2 (N.D. Ind. July 17, 2017) ("[Rule 26(a)(1)] requires plaintiffs to identify not only the categories of damages that they seek, but also a computation of those damages.").

We request that the named Plaintiffs correct this deficiency and identify a computation of the individual damages that they each seek by December 6, 2024. If Plaintiffs will not supplement their disclosures, Taylor requests a conference with counsel to meet and confer regarding this issue before December 6, 2024 so that any necessary motion to compel can be timely filed.

Sincerely,

John Hutchins

cc:     Philip Zimmerly (pzimmerly@boselaw.com)
        Tyler Moorhead (tmoorhead@boselaw.com)
        Georgia Bennett (gbennett@bakerlaw.com)