**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JUSTIN MCLAUGHLIN, et al., | ) | |
| | ) | CAUSE NO.: 1:23-cv-527-HAB-ALT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO COMPEL**

Defendant, Taylor University, by counsel, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-1, hereby files its Brief in Support of Motion to Compel against Plaintiffs, Justin McLaughlin ("McLaughlin") and Aturina Eshw ("Eshw") (jointly, "Plaintiffs").[1]

### I.   Introduction

Plaintiffs filed a class action lawsuit against Taylor University claiming that they suffered harm such as spam communications, fraudulent charges, and loss of personally identifying information as the result of an unknown threat actor gaining access to Taylor University's servers. (*See generally*, Complaint, Dkt. 1.) Taylor University issued its First Set of Interrogatories to Plaintiffs to investigate the source of their alleged harm and to develop evidence to support its defense that Plaintiffs' loss of personally identifying or financial information stemmed from a third-party, not Taylor University. Specifically, Interrogatory number 4 requested that Plaintiffs identify information relating to the web-based, bank, and brokerage accounts they maintain and the steps they have taken to protect the information in these accounts in the five years prior to the

---

[1] Taylor University incorporates by reference the Motion and Certification being filed contemporaneously with this Brief pursuant to Local Rule 37-1.

allegations in the Complaint. And Interrogatory number 6 asked Plaintiffs to identify the phone applications that have access to their personally identifying information and financial information in the same time period – the same information they claim Taylor University failed to protect.

Plaintiffs refused to provide this information on blanket, inapplicable objections of relevance and proportionality. This information is relevant, proportional, discoverable, and crucial to Taylor University's assessment of Plaintiffs' alleged harm and the development of its defenses. Taylor University respectfully requests that the Court issue an order compelling Plaintiffs to provide this information and to award it the attorneys' fees incurred in pursuing this discovery.

## II.     Background

On October 8, 2024, Taylor University served its First Set of Interrogatories on Plaintiffs. On December 20, 2024, McLaughlin and Eshw provided their answers. (A copy of McLaughlin's answers to the First Set of Interrogatories is attached as **Exhibit A** (Dkt. 55-2), and a copy of Eshw's is attached as **Exhibit B** (Dkt. 55-3).)

Interrogatory number 4 asked Plaintiffs to identify information regarding their web-based accounts, and the steps taken to protect such accounts, for a five-year period. (Ex. A, Dkt. 55-2 at 12-13; Ex. B, Dkt. 55-3 at 13.) Plaintiffs refused to answer this interrogatory, relying on multiple inapplicable objections. (*Id*.)[2] Interrogatory number 6 asked Plaintiffs to identify phone applications that had access to Plaintiffs' personally identifying information for a five-year period.

---

[2] Plaintiffs objected to the terms "you," "your," "web-based accounts," "username(s) or email addresses that You use to log in," and "steps You take to secure such accounts" as ambiguous, overly broad, unduly burdensome, and subject to multiple interpretations. Plaintiffs also objected to the time period and responded only as to after the events alleged in the Complaint, not before. Plaintiffs also objected based on relevance, that it exceeded the 25-interrogatory limit, and that it was not proportional.

(Ex. A, Dkt. 55-2 at 14-15; Ex. B, Dkt. 55-3 at 14-15.) Plaintiffs refused to answer this interrogatory, relying on similar objections. (*Id.*)[3]

Taylor University's counsel sent a discovery dispute letter to Plaintiffs' counsel on February 4, 2025, which in part, addressed interrogatories numbers 4 and 6. (A copy of this letter is attached as **Exhibit C** (Dkt. 55-4).) The letter explained that because Plaintiffs claim to have received fraudulent charges and spam communications and that their information is available on the dark web as a result of the data incident suffered by Taylor University, then information about those web-based accounts, and whether information about those accounts was shared with others, is relevant to Taylor University's defense that it did not cause Plaintiffs' harm. In other words, it could be that Plaintiffs' information was shared by other entities prior to the data incident, not by Taylor University. (Ex. C, Dkt. 55-4 at 2.) Similarly, as it relates to interrogatory number 6, the letter explained that the request for information regarding Plaintiffs' phone applications that access their personally identifying information is relevant for these same reasons, meaning it supports Taylor University's position that any leak of data came from another entity. (*Id.* at 2-3.)

The parties' counsel then discussed these issues via email on February 20, 2025, and met and conferred via telephone on March 3, 2025. Plaintiffs then provided supplemental answers to the First Set of Interrogatories on March 10, 2025. (A copy of McLaughlin's supplemental answers to the First Set of Interrogatories is attached as **Exhibit D** (Dkt. 55-5), and a copy of Eshw's is attached as **Exhibit E** (Dkt. 55-6).) In response to Interrogatory number 4, Plaintiffs continued to refuse to identify their accounts, but they generally described the steps they take to secure their

---

[3] Plaintiffs objected to the definition of "you" and "your," that the interrogatory was vague, ambiguous, overly broad, and unduly burdensome, that the information was "unknowable," that the term "settings or wallets" was ambiguous, as to relevance, to the time period, and that it exceeded the 25-interrogatory limit.

3

USDC IN/ND case 1:23-cv-00527-HAB-ALT    document 56    filed 07/11/25    page 4 of 11

accounts, such as generally being careful with their confidential information and using strong passwords. (Ex. D, Dkt. 55-5 at 14; Ex. E, Dkt. 55-6 at 14.) Plaintiffs otherwise stood upon their original objections. (*Id*.) In response to Interrogatory number 6, Plaintiffs ultimately stood upon their original objections. (Ex. D, Dkt. 55-5 at 16; Ex. E, Dkt. 55-6 at 16-17.)

The parties' counsel then met and conferred via telephone regarding the ongoing discovery dispute on May 30, 2025. During the phone call, Taylor University's counsel offered to narrow the timeframe at issue in Interrogatories numbers 4 and 6, as well as the phone applications and accounts sought. Plaintiffs stood on their objections and refused to provide any such information. (The parties' counsel's email summarizing the May 30 phone call is attached as **Exhibit F** (Dkt. 55-7).) Taylor University now files its Motion to Compel to pursue this relevant and discoverable information.

### III.    Standard

Rule 37 allows litigants to request that the Court compel a response to a discovery request when the response is inadequate or evasive. *Chalimoniuk v. Interstate Brands Corp*., 2002 WL 1048826, at *1 (S.D. Ind. 2002). The Court has broad discretion when deciding whether to compel discovery. *See Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 2002 WL 453242, at *3 (S.D. Ind. Mar. 25, 2002). The burden is on the party resisting discovery to establish that its objections are proper given the broad construction of the federal discovery rules. *Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181, at *8 (N.D. Ill. 1998).

### IV.    Legal Argument

#### A. Plaintiffs should be compelled to respond fully and without objection to interrogatory numbers 4 and 6.

Plaintiffs allege in their Class Action Complaint that Taylor University failed to safeguard their personally identifying information (social security numbers, bank account information,

4

passwords, credit card information, etc.) from hackers, and as a result, they suffered harm such as loss of information, spam communications, and fraudulent charges. (Complaint, Dkt. 1, ¶¶ 1-11.) Plaintiffs further claim that they otherwise strictly protect their confidential information, so any leak of their personally identifying information must have come from Taylor University and not anyone else. (*Id*., ¶¶ 1-10.) To the contrary, one of Taylor University's potential defenses is that Plaintiffs were negligent in the security of their confidential information, so any leak of personal information, and damages therefrom, emanated from other third-parties, not Taylor University. (Answer, Dkt. 38, at 43-46.)

To assess Plaintiffs' alleged harm and develop its defenses, Taylor University sought discovery related to the other sources where Plaintiffs shared their personally identifying information, which entities or phone applications sought access to this information, and the efforts Plaintiffs took to protect this information. To that end, Interrogatory numbers 4 and 6 state in their entirety as follows:

> **Interrogatory No. 4**: Identify all Your web-based accounts, including email accounts, social media accounts (including, but not limited to, Facebook, Twitter, Instagram, TikTok, Pinterest, Snapchat, LinkedIn, Reddit and Discord), bank or brokerage accounts, the user name(s) or email addresses that You use to log in to these accounts, and steps You take to secure such accounts. The time frame of this Interrogatory is limited to the five years before the Incident until present.

(Ex. A, Dkt. 55-2 at 12-13; Ex. B, Dkt. 55-3 at 13.)

> **Interrogatory No. 6**: Identify all Mobile Phone Applications, settings or wallets that are currently or have previously been downloaded to Your current or former mobile phone or smart device that request or require You to provide, or on which You voluntarily provide, any of Your PII, personal contact information, payment card information, bank account information, or other financial information. The time frame of this Interrogatory is limited to the five years before the Incident until present.

(Ex. A, Dkt. 55-2 at 14; Ex. B, Dkt. 55-3 at 15.)

Plaintiffs refused to identify their web-based, bank, brokerage accounts, and usernames in response to Interrogatory number 4 and refused to identify the phone applications that had access to their personally identifying information or financial information in response to Interrogatory number 6. (Ex. A-B, D-E (Dkts. 55-2, 55-3, 55-5, 55-6).) Plaintiffs refused to provide this information based on blanket objections as to relevance and proportionality.[4] This information, for the five-year period preceding the data incident alleged in the Complaint, is relevant, proportional, and necessary for Taylor University to assess Plaintiffs' alleged harm and to develop its defenses.

1. **Relevance**

As it relates to relevance, a "party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 536 (N.D. Ind. 2011) (quoting Fed. R. Civ. P. 26(b)(1).) "For discovery purposes, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard." (*Id*.) (quotations and citations omitted).

Here, under the broad discovery rules, the information sought in Interrogatory numbers 4 and 6 for the five-year period leading up to the data incident alleged in the Complaint is relevant because it "bears on" and "reasonably could lead to other matter[s] that could bear on" the source

---

[4] Plaintiffs' answers include objections to certain definitions, vagueness, ambiguity, and the number of interrogatories. (*See* Exs. A-B, D-E (Dkts. 55-2, 55-3, 55-5, 55-6).) Based on the meet and confer sessions between the parties' counsel, however, and Plaintiffs' supplemental answers, the real dispute between the parties is whether this information is relevant and proportional to the case. (*See* Exs. D-E (Dkts. 55-5, 55-6).)

of Plaintiffs' alleged harm and Taylor University's defense that the leak of Plaintiffs' information occurred from a third-party. This issue goes to the crux of Plaintiffs' allegations that Taylor University is the source of their harm, i.e., this is directly relevant to their claim of causation.

The discovery rules are broad and liberally applied, as Rule 26(b)(1) confirms relevant information need not be admissible if it is reasonably calculated to lead to the discovery of admissible information. *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 643 (N.D. Ind. 2004). The identity of Plaintiffs' third-party accounts and phone applications will establish the locations where Plaintiffs have shared the personally identifying and financial data at issue in their Complaint. Taylor University will be able to use this information to determine if those entities have had data incidents in the years prior to the incident alleged in the Complaint, and if so, it may issue non-party discovery to these third parties. This information is crucial to determine if Plaintiffs' alleged harm stems from other third-parties that failed to secure their information. In other words, it is directly relevant to the claims and defenses at issue in this litigation.

**2. Proportionality**

As it relates to proportionality, Rule 26(b)(1) permits discovery of information that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Jones v. M/A Mgmt. Corp.*, No. 3:17-CV-210-RLM-MGG, 2018 WL 10550320, at *1 (N.D. Ind. Mar. 20, 2018). Each of these elements weighs in Taylor University's favor.

The information sought by Interrogatory numbers 4 and 6 is crucially important to this action because it is necessary for Taylor University to develop its defenses and assess the source

of Plaintiffs' alleged harm. (*See infra*, Section IV(A)(1).) This information is also proportional to the amount in controversy. Plaintiffs are pursuing multiple class action claims against Taylor University that they alleged "exceeds five million dollars ($5,000,000.00)" in damages. (Complaint, ¶ 21, Dkt. 1 at 5.) Importantly, Plaintiffs readily have access to this information. In the world of modern technology, computers and cell phones keep a cache of websites and phone applications that have stored account information, and cell phone settings list the access granted to each such application. It is not difficult for Plaintiffs to review these lists to answer these interrogatories, or to otherwise use their best recollection to recall the accounts they have maintained in the five-years prior to the data incident alleged in the Complaint. Finally, the burden on Plaintiffs to view their computer and cell phone lists, recite this information, and otherwise provide this information based on memory is minimal compared to the ample benefit it provides Taylor University in the development of its defenses and assessment of damages. (*See infra*, Section IV(A)(1).)

Plaintiffs' blanket claims of proportionality or burden ring hollow. This information is important to this case. It is not difficult to provide. Plaintiffs just do not want to provide it. But in a case in which Plaintiffs seek to recover more than $5,000,000 in damages, Plaintiffs should reasonably expect to exert this effort to respond to such discovery.

\*\*\*

In sum, the information sought by Interrogatory numbers 4 and 6 is relevant, proportional, and discoverable. Plaintiffs cannot satisfy their burden of establishing that "a particular discovery request is improper." *Gingerich*, 273 F.R.D. at 536 (quotations omitted). Indeed, Plaintiffs' burden "cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) (citations and quotations omitted). Plaintiffs should be compelled to fully respond to Interrogatory numbers 4 and 6 without objection. Alternatively, Taylor University is willing to narrow the time frame to the three years prior to the incident, as it indicated during the parties' meet and confers.

### B. Taylor University is entitled to recover from Plaintiffs the attorneys' fees spent pursuing this discovery.

Under Rule 37(a)(5), if this Motion is granted, Taylor University is entitled to recover the reasonable attorneys' fees it incurred obtaining this discovery. *Stookey v. Teller Training Distributors, Inc.*, 9 F.3d 631, 637 (7th Cir.1993) (Rule 37 "clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."); Fed. R. Civ. Pro. 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party's position is "substantially justified" or an award of fees would be "unjust.") Here, recovery of its fees is warranted because Plaintiffs' refusal to provide this information is couched in inapplicable, blanket, and general objections that are not substantially justified and an award of fees would not be unjust. Taylor University will provide additional evidence of its reasonable attorneys' fees upon the granting of its Motion.

### V. Conclusion

For the forgoing reasons, Taylor University respectfully requests that this Court issue an order compelling Plaintiffs to fully respond to Interrogatories numbers 4 and 6 without objection.

Respectfully submitted,


*/s/ Tyler J. Moorhead*
Philip R. Zimmerly, Attorney No. 30217-06
Tyler J. Moorhead, Attorney No. 34705-73
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: 317.684.5000
Facsimile: 317.684.5173
PZimmerly@boselaw.com
TMoorhead@boselaw.com

Lisa Houssiere (*pro hac vice*)
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: 713.646.1318
Facsimile: 713.751.1717
lhoussiere@bakerlaw.com

Georgia L. Bennett (*pro hac vice*)
**BAKER & HOSTETLER LLP**
1170 Peachtree Street NE, Suite 2400
Atlanta, Georgia 30309
Telephone: 404.946.9841
Facsimile: 404.459.0050
gbennett@bakerlaw.com

*Counsel for Defendant Taylor University*

## **CERTIFICATE OF SERVICE**

This is to certify that on July 11, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Lynn A. Toops
Amina A. Thomas
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

J Gerard Stranch, IV
Andrew E. Mize
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Ave., Ste. 200
Nashville, TN 37203
gstranch@stranchlaw.com
amize@stranchlaw.com

Samuel Strauss
Raina Borrelli
Strauss Borrelli PLLC
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
sam@straussborrelli.com
raina@straussborrelli.com

*/s/ Tyler J. Moorhead*
Tyler J. Moorhead

5022188