**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

JUSTIN MCLAUGHLIN, *et al.*, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

TAYLOR UNIVERSITY,

Defendant.

Case No. 1:23-cv-00527-HAB-ALT

## PLAINTIFF MCLAUGHLIN'S AMENDED MOTION TO SEAL

Pursuant to Local Rule 5-3, Plaintiff Justin McLaughlin moves this Court for an order

preventing the continued public disclosure of his digital and physical security practices contained

in his interrogatory responses filed by Defendant at Dkts. 55-2 and 55-5. Plaintiff submits herewith

a detailed declaration explaining the good cause for the relief he seeks.

On July 11, 2025, Defendant filed Plaintiff's responses and supplemental responses to

interrogatories served by Defendant in connection with its motion to compel responses to

Interrogatory Nos. 4 and 6. *See* Dkt. 55. On July 25, 2025, Plaintiff re-served these responses with

confidentiality designations made pursuant to the protective order. Dkts. 42-1, 43. Specifically,

Plaintiff in good faith designated only certain and limited portions of his responses containing

sensitive technical information regarding his digital and physical security practices.[1] McLaughlin

---

[1] In his original responses (Dkt. 55-2), Plaintiff seeks to seal the last sentence of his response to
Interrogatory No. 2, most of the last three paragraphs in response to Interrogatory No. 8, the last
paragraph in response to Interrogatory No. 10, most of the last three paragraphs in response to
Interrogatory No. 11, and the last two paragraphs in response to Interrogatory No. 13. In his
supplemental responses (Dkt. 55-5), Plaintiff seeks to seal all of the same information from his

1

Decl. ¶ 6. Plaintiff now seeks an order from this Court allowing Plaintiff's limited, sensitive information to be sealed and ordering Defendant to refile a version of its motion (Dkt. 55) that uses the designated copies of the responses and supplemental responses with the designated information redacted from public view.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Citizens First Nat'l Bank of Princeton*, 178 F.3d 943, 945 (7th Cir. 1999) ("[Public] interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." (citations omitted)); *see also Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 U.S. Dist. LEXIS 80688, at *8, 11-12, 18 (S.D. Ind. Oct. 10, 2008) ("Should any party have good cause to seal from public view any Confidential information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Seventh Circuit case law regarding filing materials under seal."). "A district court's decision to seal portions of the record is reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007) (citation omitted).

---

original responses and additionally the last sentence of his supplemental response to Interrogatory No. 2, the last sentence of his supplemental response to Interrogatory No. 4 (this portion is not at issue in Defendant's motion to compel), and his supplemental response to Interrogatory No. 10.

**ARGUMENT**

Submitted with this motion is Plaintiff's declaration attesting to the specific risk, unique to him and his family, that he is facing while his interrogatory responses remain public. McLaughlin Decl. ¶¶ 7. Plaintiff's request is made in good faith to prevent additional risk to him and his family. Plaintiff has designated as confidential only limited portions of his responses, and it is these same limited portions that he seeks to seal from the public via a redacted filing. Thus, the information sought to be sealed is a "properly demarcated category of legitimately confidential information." *Citizens First*, 178 F.3d at 946.

There is very little interest by the public (at least those without nefarious intent) in transparency into Plaintiff's specific and unique-to-him personal digital security practices, when this case is about the data security practices employed by Defendant. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015) (if material may be subject to seal, then the court weighs two competing interests: "the moving party's interest in privacy and the public's interest in transparency."). Moreover, "at this stage of the litigation it is unclear that the information in the [interrogatories] sought to be protected will be at issue in this action." *OneAmerica Fin. Partners, Inc. v. T-Systems N. Am., Inc.*, No. 1:15-cv-01534-TWP-DKL, 2016 U.S. Dist. LEXIS 29965, at *16 (S.D. Ind. Mar. 9, 2016). To be clear, none of the information in the confidential sections sought to be sealed are at issue in Defendant's motion to compel. *See* n.1, above.

The information Plaintiff was required to disclose in these interrogatory responses effectively provides a blueprint that could be exploited by malicious actors, increasing the likelihood of targeted digital intrusions or other forms of cyberattacks. McLaughlin Decl. ¶ 7. The limited information Plaintiff seeks to seal is routinely protected from disclosure when both consumer-plaintiffs and business-defendants seek this relief. *See, e.g., OneAmerica Fin. Partners,*

*Inc. v. T-Systems N. Am., Inc.*, No. 1:15-cv-01534-TWP-DKL, 2016 U.S. Dist. LEXIS 29965, at *11-14 (S.D. Ind. Mar. 9, 2016) (granting in part request to seal by businesses to maintain documents that could be used by hackers to undertake a data breach); *Music Grp. Macao Comm. Offshore Ltd. v. Foote*, No. 14-CV-03078 JSC, 2015 U.S. Dist. LEXIS 85089, 2015 WL 3993147, at *5-6 (N.D. Cal. June 30, 2015) (finding a compelling reason to seal portions of exhibit discussing plaintiff's network infrastructure and security systems); *EON Corp IP Holdings LLC v. Cisco Sys. Inc*, No. 12-CV-01011-JST, 2014 U.S. Dist. LEXIS 33037, 2014 WL 1017514, at *2 (N.D. Cal. Mar. 11, 2014) (finding compelling reasons to seal portion of documents that disclose "confidential technology, product configurations, security features, and network configurations"); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, 2013 WL 5366963, at *3 (N.D .Cal. Sept. 25, 2013) (sealing information about how users' interactions with the Gmail system effect the transmission of messages based on Google's assertions that "hackers and spammers could use this information to circumvent Google's anti-virus and anti-spam mechanisms"); *Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2009 WL 637165, at *1 (E.D. Wis. Mar. 11, 2009) (granting motion to seal email that appeared to contain "confidential information on specific types of software used by [defendant]").

**CONCLUSION**

For the reasons stated above, Plaintiff has shown good cause for entry of the proposed order allowing the limited information regarding Plaintiff's digital security practices to be sealed. This Court should order Defendant to refile its motion (Dkt. 55) with redactions over the limited information designated as confidential.

Dated: July 30, 2025
By: */s/ Brittany Resch*
Brittany Resch (*pro hac vice*)
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com

Lynn A. Toops
Amina A. Thomas
COHEN & MALAD LLP
One Indiana Sq Ste 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2593
ltoops@cohenmalad.com
athomas@cohenandmalad.com

J Gerard Stranch , IV
STRANCH JENNINGS & GARVEY PLLC
223 Rosa L Parks Ave Ste 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

5

## CERTIFICATE OF SERVICE

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send notification of such filing to counsel of

record via the ECF system.

DATED this 28th day of July, 2025.

STRAUSS BORRELLI PLLC

By: */s/ Brittany Resch*
Brittany Resch
bresch@straussborrelli.com
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

6