## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **JUSTIN MCLAUGHLIN,** *on behalf of* *themselves, and all others similarly situated, et al.,* | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 1:23-cv-00527-HAB-ALT** |
| **TAYLOR UNIVERSITY,** | ) ) ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

On July 11, 2025, Defendant Taylor University filed a motion to compel (ECF 55), along with a copy of Plaintiff's responses (ECF 55-2) and supplemental responses (ECF 55-5) to interrogatories posed by Defendant. On July 29, 2025, Plaintiff filed a motion to seal portions of those interrogatories, citing data security concerns. (ECF 65).[1] On July 30, 2025, Plaintiff filed an amended motion to seal, and that motion will be addressed substantively here. (ECF 66).[2] On that same day Defendant also filed a response to the amended motion to seal stating that it does not oppose the motion. (ECF 68). Plaintiff did not file a reply, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3).

---

[1] On January 9, 2025, the Court approved and adopted the parties' agreed protective order pursuant to Federal Rule of Civil Procedure 26(c), but it did not authorize either party to file or maintain documents under seal without further leave of Court. (*See* ECF 42, 43).

[2] The amended motion to seal (ECF 66) appears to contain virtually the same argument as the motion to seal (ECF 65), however, the original motion also included a proposed order (ECF 65-1) and a declaration (ECF 65-2). Because the arguments from the two motions are virtually the same, the original motion (ECF 65) will be denied as moot.

A. Plaintiff's Argument

Plaintiff points the Court to the following portions of the filed interrogatories that should be redacted:

> In his original responses, (Dkt. 55-2), Plaintiff seeks to seal the last sentence of his response to Interrogatory No. 2, most of the last three paragraphs in response to Interrogatory No. 8, the last paragraph in response to Interrogatory No. 10, most of the last three paragraphs in response to Interrogatory No. 11, and the last two paragraphs in response to Interrogatory No. 13. In his supplemental responses (Dkt. 55-5), Plaintiff seeks to seal all of the same information from his original responses and additionally the last sentence of his supplemental response to Interrogatory No. 2, the last sentence of his supplemental response to Interrogatory No. 4 (this portion is not at issue in Defendant's motion to compel), and his supplemental response to Interrogatory No. 10.

(ECF 66 at 2 n.1; *see* ECF 55-2 at 9-26; ECF 55-5 at 9-27). Plaintiff states that he seeks to redact these interrogatory responses because they contain sensitive information (ECF 66 at 2) and "[t]here is very little interest by the public (at least those without nefarious intent) in transparency into Plaintiff's specific and unique-to-him personal digital security practices, when this case is about the data security practices employed by Defendant" (*id*. at 3).

B. The Law

The Seventh Circuit Court of Appeals, along with this district, have set out restrictions on the sealing of documents from the public record. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *see also* N.D. Ind. L.R 5-3(a). However, Federal Rule of Civil Procedure 26(c) allows the Court to seal all or part of the record for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[Public] interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if . . . there is good cause for sealing a part or the whole of the record in that case." (collecting cases)). "A district court's decision to seal portions of the record is

2

reviewed for abuse of discretion." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 730 (7th Cir. 2007) (citation omitted).

C. Discussion

Here, the disclosure of Plaintiff's personal data security practices meets the standard of good cause as that information is sensitive and could be used by others to breach Plaintiff's cybersecurity defenses. *See E-Z Dock, Inc. v. Snap Dock, LLC*, No. 121-cv-02761-TWP-KMB, 2023 WL 3225674, at *3 (S.D. Ind. May 3, 2023) ("The Court has reviewed these filings and agrees with [Plaintiff] that they do indeed contain . . . sensitive . . . information that warrants their sealing."); *see Imbro v. Forest River, Inc.*, No. 3:20-CV-925-JD-MGG, 2022 WL 2914507, at *3 (N.D. Ind. July 22, 2022) (granting motion to seal redacted version of interrogatories after good cause was met). Further, neither party avers that Plaintiff's security practices are of contention in this case.

Defendant explains that it does not oppose the filing of a redacted version of Plaintiff's interrogatory responses, and it originally did not file a redacted version because it received a request from Plaintiff to seal the interrogatory responses only after the motion to compel was filed. (ECF 68 at 1-2). Resultingly, it appears that the parties are not in contention regarding the filing of partially redacted interrogatory responses. Accordingly, Plaintiff's amended motion to seal (ECF 66) will be granted.

However, there is one wrinkle in this matter that must be ironed out before the interrogatory responses in question may be redacted. Neither party has provided the Court with a proposed redacted version of the interrogatory responses in question. Consequently, Plaintiff will be directed to provide Defendant with a version of the interrogatory responses and supplemental responses containing redactions as discussed in this Order, and Defendant will be directed to

refile its motion to compel with a redacted version of the interrogatories as exhibits to the motion to compel.

D. Conclusion

In conclusion, the amended motion to seal (ECF 66) is GRANTED as set forth herein. The Court now:

1. ORDERS Plaintiff to file on or before August 29, 2025, a redacted version of Plaintiff's responses and supplemental responses to Defendant's interrogatories that are included in (ECF 55-2) and (ECF 55-5) to Defendant's motion to compel (ECF 55);

2. DIRECTS the Clerk to maintain under seal (ECF 55-2) and (ECF 55-5) to Defendant's motion to compel (ECF 55); and

3. DENIES (ECF 65) as moot.

SO ORDERED.

Entered this 22nd day of August 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge