**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

---

| | |
|---|---|
| JUSTIN MCLAUGHLIN and ATURINA ESHW, on behalf of themselves, and all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No.: 1:23-cv-00527-HAB-SLC |
| TAYLOR UNIVERSITY, | |
| Defendant. | |

---

**PLAINTIFF JUSTIN MCLAUGHLIN'S SUPPLEMENTAL ANSWERS AND
OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES
** WITH CONFIDENTIALITY DESIGNATIONS ****

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Justin McLaughlin ("Plaintiff") submits the following supplemental responses and objections to Defendant Taylor University's ("Taylor" or "Defendant") First Set of Interrogatories.

**DEFINITIONS**

The following definitions are applicable to all Interrogatories set forth herein:

1.      "Taylor" means Taylor University, the Defendant in the above-captioned case.

2.      "Action" means the above-captioned action, styled *Justin McLaughlin and Aturina Eshw v. Taylor University*, Case No. 1:23-cv-00527-HAB-SLC, pending in the United States District Court for the Northern District of Indiana.

3.      "Complaint" means the Class Action Complaint filed in the United States District Court for the Northern District of Indiana on December 21, 2023.

4.      "The Incident" refers to the 2023 data security incident involving Taylor referenced in Paragraph 3 of, and throughout, the Complaint, including circumstances and events surrounding the Incident, alleged injury, or other occurrence giving rise to this Action.

5.      "Plaintiffs," "You," and "Your" means the individual plaintiffs providing answers to these Interrogatories (Plaintiffs Justin McLaughlin and Aturina Eshw) and any present or past consultants, agents, attorneys, and representatives, and anyone acting with authority from or on behalf of the foregoing.  Unless otherwise qualified in an Interrogatory or answer thereto, each Interrogatory and each answer thereto shall be interpreted as applying to each and every Plaintiff.

   a.      **OBJECTION**: Plaintiff objects to this definition to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine.

6.      The phrase "Mobile Phone Applications," as used in the following Interrogatories, includes applications such as those used for credit card services, mobile wallet, banking, or payment applications (such as Apply Pay, Android Pay, and Venmo), iTunes, Google Play, restaurant applications, retail applications (such as Amazon), travel applications (including Airlines, Airbnb, Uber, and Lyft), entertainment applications (such as Netflix and Hulu), e-book readers and audiobook applications, and any other applications which require Your personally identifiable information (PII), personal contact information, banking information, or credit card information.

      a.    **OBJECTION**: Plaintiff objects to this definition as overly broad and burdensome in that it could include any number of apps that permit in-app purchases.

7.    The term "Communication" means any written, electronic, or oral exchange of information or knowledge between two or more persons, including, without limitation, correspondence, emails, facsimiles, memoranda, face-to-face conversations, telephone conversations, text messages, online messages, in-person meetings, virtual meetings (e.g., Zoom or Microsoft Teams), or social media posts or private chats (via, without limitation, Facebook, Twitter, Instagram, TikTok, Snapchat, LinkedIn, Pinterest).

      a.    **OBJECTION**: Plaintiff objects to this definition's use of the phrase "social media posts or private chats (via, without limitation, Facebook, Twitter, Instagram, TikTok, Snapchat, LinkedIn, Pinterest)" as overly broad, unduly burdensome, and irrelevant to this case.

8.    The term "Document" means the full scope of documents and things discoverable under the Indiana and Federal Rules of Civil Procedure and includes all written, typed, printed, photographic, graphic, electronic media (including audio and computer media), or recorded matter of every type and description, including, but not limited to, statements, letters, handwritten notes, correspondence, emails, text messages, online messages or postings, invoices, memoranda, agreements, contracts, communications and summaries thereof, records, notes, notebooks, drafts, data sheets, tapes, video or audio recordings, journals, calendars, minutes or other summaries of meetings or conferences, opinions, computer records and data (whether in printed or electronic form), telephone records, partial or complete reports of telephone conversations, and any other

writings or recordings, including all electronically stored information (even if not previously printed out), regardless of how such information or data is stored.

a.    **OBJECTION:** Plaintiff objects to the instruction's reference to the Indiana Rules of Civil Procedure as irrelevant.

9.    The term "Person" means any individual (natural person) or entity, including, without limitation, any corporation, partnership, proprietorship, association, governmental entity, agency, group, or any form of business entity or other organization or group of persons, or any combination thereof.

10.    "Identify," when used in reference to:

a.    *A natural person*: shall mean to state that person's full name, title, or affiliation, and current or last known address and telephone number;

b.    *A person that is an entity*: shall mean to state the name and address of such business or organization;

c.    *A document*: shall mean to state the type or nature of the document, the date, author(s), and recipient(s) of the document, a summary of the document's contents, and the present location(s) and custodian(s) of the document;

d.    *A communication*: shall mean to state the date and place of the communication, the name of each person who participated in or was present during the communication, whether the communication was made in person, whether the communication was written or oral, and the subject matter of the communication.

a. **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requires Plaintiff to respond beyond the scope of the Federal Rules of Civil Procedure, with which Plaintiff will comply.

11.     The word "describe" as used in the following Interrogatories shall mean to detail in full and with specificity the events, activities, scene, situation, object, understanding, circumstances, or relationships at issue, including dates, times and durations, the specific persons involved, and other similar factual details.

12.     The word "any" as used in the following Interrogatories includes the word "all," and vice versa.

13.     The word "each" in the following Interrogatories shall mean "each and every."

14.     The words "include" or "including" as used in the following Interrogatories means including, but not limited to.

15.     The phrase "related to" or "relating to" as used in the following Interrogatories shall mean supporting, constituting, depicting, evidencing, respecting, regarding, concerning, pertaining to, referring to, stating, describing, recording, noting, reflecting, containing, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, contradicting, specifying, listing, summarizing, reviewing, identifying or providing evidence of a given subject matter, either directly or indirectly.

16.     The term "Personally identifiable information" or "PII" means any information about an individual that can be used to distinguish or trace an individual's identity, such as name, Social Security number, date of birth, place of birth, mother's maiden name, biometric records, or any other information that is linked or linkable to an individual, such as medical, educational, financial, and employment information. This definition of personally identifiable information or

PII is intended to and shall include, to the fullest extent, Plaintiffs' interpretation and use of "PII" or "personally identifiable information" throughout the Complaint.

## <u>INSTRUCTIONS</u>

The following instructions are applicable to all Interrogatories set forth herein:

1.      In responding to these Interrogatories, You are required to furnish all information that is available to You, including information in the possession of Your attorneys or anyone acting on Your behalf or under Your direction and control and not merely the information known by You of Your own knowledge.

     a.      **OBJECTION**: Plaintiff objects to this instruction to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine.

2.      If You are unable to answer any of the Interrogatories fully and completely after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer such request to the fullest extent possible, specifying Your knowledge and Your inability to answer the remainder and stating whatever information and knowledge You may have concerning any unanswered portion thereof and the efforts You made to obtain the requested information.

     a.      **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requires Plaintiff to respond beyond the scope of Fed. R. Civ. P. 26 and 33, with which Plaintiff will comply.

3.      To the extent that the answer to any of the following Interrogatories at a later time becomes incorrect or incomplete or is discovered to have been incorrect or incomplete or unfinished, Defendant requests that You promptly thereafter serve supplemental answers providing correct and special information.

a. **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requires Plaintiff to respond beyond the scope of Fed. R. Civ. P. 26, with which Plaintiff will comply. Plaintiff objects to the undefined term "special information" as vague, ambiguous, and subject to multiple interpretations. Plaintiff objects to this instruction as duplicative of Defendant's Instruction no. 9.

4.      Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the request is not objectionable. All grounds for objection to a request shall be stated with specificity.

5.      If You object to any portion of these Interrogatories on the grounds of privilege, You are to identify the privilege claimed (e.g., attorney-client, attorney work product) and are to set forth a brief statement of the basis of the claim sufficient to enable the Court to rule upon the validity of the objection.

a. **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requires Plaintiff to respond beyond the scope of Fed. R. Civ. P. 26 and 33, with which Plaintiff will comply.

6.      References to the singular shall include the plural and references to the plural shall include the singular; references to the masculine gender shall include references to the female gender and vice versa; and use of the present tense shall also be read to include the past tense and

vice versa.

7.      The connectives "and" or "or" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories.  All responses that might otherwise be construed to be outside of their scope are not to be interpreted in such a manner as to exclude any information from the scope of these Interrogatories.

8.      Your response to an Interrogatory on behalf of all Plaintiffs will be construed as a response on behalf of each and every Plaintiff.  Where a response only pertains to You and no other Plaintiffs, You must explicitly state as much.   If a response pertains to You and one or more other Plaintiffs but not all Plaintiffs, You must specify which Plaintiffs to whom Your response applies.

9.      Each Interrogatory shall be deemed continuing.   Supplemental answers are required if You discover a prior answer was incorrect or is no longer true, if You receive additional information about the identity or location of anyone having knowledge of discoverable matters, if You plan to call witnesses at the final hearing not listed in Your previous response, if you have additional information on the substance of a witness's testimony, or if information becomes available to You after Your answers hereto are served.

      a.      **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requiring Plaintiff to respond beyond the scope of Fed. R. Civ. P. 26, with which Plaintiff will comply.  Plaintiff objects to this this instruction as duplicative of Defendant's Instruction no. 3.

10.     If You perceive any ambiguities in a question, Instruction, or Definition, set forth the matter deemed ambiguous and the construction used in answering.

11.     No answer is to be left blank.  If the answer to an Interrogatory or subparagraph

of an Interrogatory is "none" or "unknown," such statement must be written in the answer.  If the question is inapplicable, "N/A" must be written in the answer.  If an answer is omitted based on a claim of privilege, the basis of the privilege is to be stated.

     a.    **OBJECTION:** Plaintiff objects to this instruction as unduly burdensome and requires Plaintiff to respond beyond the scope of Fed. R. Civ. P. 26 and 33, with which Plaintiff will comply.

### INTERROGATORIES

In accordance with the foregoing Instructions and Definitions and Rules 26 and 33 of the Federal Rules of Civil Procedure, please respond to the following Interrogatories:

**INTERROGATORY NO. 1:**

Identify the names and address of all persons known to Plaintiffs or counsel to have information concerning the facts of the case and describe Your understanding of each such witness's knowledge, including how You came to form that understanding, and whether or not written or recorded statements have been taken from such person.

**RESPONSE:** Plaintiff objects to this interrogatory, in particular the phrase "including how You came to form that understanding," as seeking information that is protected by attorney-client and or work product privileges. Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information in Defendant's possession, custody, or control. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Thus, compared to Plaintiff, such information is equally accessible—and perhaps even more accessible—to Defendant. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

Plaintiff Justin McLaughlin, Plaintiff Aturina Eshw, Defendant Taylor University, any witnesses that may be disclosed by Defendant, other relevant nonparty witnesses, and Defendant's current or former officers, employees, agents, and vendors who have knowledge regarding Defendant's business, operations, and financial information. As Plaintiff has stated in Request for Production No. 4, which applies to these same individuals, Plaintiff does not have knowledge of the existence of any "written or recorded statements" from these identified folks, apart from those in the complaint.

**INTERROGATORY NO. 2:**

Identify every instance in the five years before the Incident until present in which You have had or received notice of an actual or suspected misuse of your PII (or payment card, bank account, or other financial information) or act of identity theft or fraud, including but not limited to: misuse of Your identity or malicious or suspected misuse of Your PII (or payment card, bank account, or other financial information); misuse of a financial account, of which You are an authorized user; where an account of Yours was subject unauthorized access; theft or loss of credit/debit card; theft or loss of identification/social security card; filing a fraudulent tax return in Your name; or filing a fraudulent application for social welfare benefits in Your name. For each instance, describe the type of fraud or misuse, the date it occurred, how You discovered it (including whether You received notice of it from a third party), the date You discovered it, the account(s) affected by the fraud or attempted fraud, whether such instance resulted in any monetary, financial, or other harm or injury to You, and all steps taken by You or on Your behalf to rectify the fraud or attempted fraud, and investigate who committed or attempted to commit the fraud.

**RESPONSE:** Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own

10

behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as seeking information that is not relevant to any claim or defense in this action. Plaintiff objects to this interrogatory as overbroad,  not proportional to this litigation, and as having an unduly burdensome number of subparts because it seeks eight categories of information for "every instance" Plaintiff has been a victim of fraud and identity theft and eight categories of details on the instances in which Plaintiff has been a victim of fraud and identity theft, however each of these sixteen subparts should be considered separate interrogatories. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 11, 12, and 16. Plaintiff objects to the time period of this interrogatory and will, instead, only respond based on the time period after the Data Breach occurred. Subject to, and without waiving these objections, Plaintiff states as follows:

Since the date of the Data Breach, Plaintiff has not yet experienced any instances of identity theft or fraud, but was receiving 15-20 spam calls an hour before spending time to take the steps to block them.

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

██████████████████████████████████████

████████████████

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**SUPPLEMENTAL  RESPONSE  03/10/2025:** Defendant's February 4, 2025 letter claimed that "[w]hether either Plaintiff has been notified of their information being involved in other data security incidents, or notified of any potential compromise of their data, is obviously relevant and discoverable." The parties met and conferred on this request on March 3, 2025, and

by email on February 20, 2025. During the March 3, conversation, the parties agreed to use the time period of five years prior to the data breach until present, and Plaintiff agreed to supplement his response. Subject to and without waiving the foregoing objections, Plaintiff states as follows:

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 3:**

Identify and describe whether You have ever been (or currently are) a party to any other lawsuit or legal proceeding, of whatever nature, including but not limited to, civil claims, domestic relations actions, administrative claims, bankruptcy proceedings, arbitrations, mediations, and criminal charges or complaints ("proceedings").  If so, state whether You were/are the plaintiff or defendant, or an objector to a class action settlement, the court and jurisdiction in which such proceeding was filed, the caption and case number of the proceeding, the date filed, the nature of the claim(s) made by or against You or objected to, and any final judgment rendered or disposition reached in the proceeding.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory because its use of the phrase "of whatever nature" is ambiguous. Plaintiff objects to the term "party" as vague and he will define it to mean only a named plaintiff and not a

class member. Plaintiff objects to this interrogatory as seeking information that is not relevant to any claim or defense in this action. Plaintiff objects to this interrogatory as unduly burdensome given the burden is not proportionate to the information's relevance, which is none. Plaintiff objects to this interrogatory as seeking information that is protected by attorney-client and/or work product privileges. Plaintiff objects to this interrogatory as overbroad and harassing. Plaintiff objects to the time period this interrogatory and will, instead, only respond based on the time period after the Data Breach occurred. Plaintiff objects to this request as having a burdensome number of subparts because it seeks six categories of information for every lawsuit Plaintiff may have been in. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving Plaintiff's prior objections, Plaintiff states as follows:

Plaintiff has not been a party to any other lawsuit during the relevant period.

**INTERROGATORY NO. 4:**

Identify all Your web-based accounts, including email accounts, social media accounts (including, but not limited to, Facebook, Twitter, Instagram, TikTok, Pinterest, Snapchat, LinkedIn, Reddit and Discord), bank or brokerage accounts, the user name(s) or email addresses that You use to log in to these accounts, and steps You take to secure such accounts.   The time frame of this Interrogatory is limited to the five years before the Incident until present.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to the undefined terms "web-based accounts," "username(s) or email addresses that You use to log in," and "steps You take to secure such accounts" as ambiguous, overly broad, unduly burdensome, and subject to multiple interpretations. Plaintiff objects to the time period this interrogatory and

13

will, instead, only respond based on the time period after the Data Breach occurred. Plaintiff objects to this interrogatory as seeking information that is not relevant to any claim or defense in this action and intending to harass. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Thus, this interrogatory seeks information that is not proportionate to the needs of this case. On the basis of these objections, Plaintiff will not respond to this request.

**SUPPLEMENTAL RESPONSE 03/10/2025:** Defendant's February 4, 2025, letter claimed there was "no legitimate basis for withholding information regarding Plaintiffs' web-based accounts, log-in information, and steps used to secure those accounts." The parties met and conferred on this request on March 3, 2025 and by email on February 20, 2025. Plaintiff agreed to supplement this response with the steps he has taken to secure his accounts and log-in information. Subject to and without waiving the foregoing objections, Plaintiff states he is careful about sharing private information and stores any documents containing private information in safe and secure locations.

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 5:**

With respect to all social media accounts that You identified in the preceding Interrogatory, do any of Your social media accounts contain or disclose any of Your PII (or payment card or

bank account information)?  Unless Your response is an unqualified "no," identify the specific PII (or payment card or bank information) on Your social media account(s), when that information appeared, and how it came to be on Your account(s).  The time frame of this Interrogatory is limited to the past five years before the Incident to the present.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to the phrase "contain or disclose" as ambiguous. Plaintiff objects to the time period this interrogatory and will, instead, only respond based on the time period after the Data Breach occurred. Plaintiff objects to this interrogatory as seeking information that is not relevant to any claim or defense in this action. Plaintiff objects to this interrogatory as unduly burdensome given the burden is not proportionate to the information's relevance, which is none. Plaintiff objects to this request as having a burdensome number of subparts because it seeks four categories of information for "all social media accounts." Whether Plaintiff voluntarily decided to post his PHI, PII, to his social media is completely irrelevant here, where Defendant failed to implement adequate cybersecurity to protect Plaintiff's PII. Plaintiff objects to this request as duplicative of nearly every other request. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. On the basis of these objections, Plaintiff will not respond to this request.

**SUPPLEMENTAL RESPONSE 03/10/2025:** Defendant's February 4, 2025 letter claimed that "information regarding the PII exposed and shared on Plaintiffs' social media accounts" "is obviously directly relevant." The parties met and conferred on this request on March 3, 2025 and by email on February 20, 2025. Plaintiff agreed to supplement his response to this

request. Subject to and without waiving the foregoing objections, Plaintiff has never posted his phone number, credit card numbers, or Social Security number to his social media accounts.

**INTERROGATORY NO. 6:**

Identify all Mobile Phone Applications, settings or wallets that are currently or have previously been downloaded to Your current or former mobile phone or smart device that request or require You to provide, or on which You voluntarily provide, any of Your PII, personal contact information, payment card information, bank account information, or other financial information. The time frame of this Interrogatory is limited to the five years before the Incident until present.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff objects to the request for all Mobile Phone Applications that "have previously been downloaded to Your current or former mobile phone or smart device" as unknowable. Plaintiff shall use the common sense meaning of this term. Plaintiff objects to the undefined phrase "settings or wallets" as vague and ambiguous, nonsensical, and renders this request unintelligible. Plaintiff objects to this interrogatory as seeking information that is not relevant to any claim or defense in this action. Plaintiff objects to the time period this interrogatory and will, instead, only respond based on the time period after the Data Breach occurred. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. On the basis of these objections, Plaintiff will not, and cannot, respond to this request.

**SUPPLEMENTAL RESPONSE 03/10/2025:** The parties met and conferred on this request on March 3, 2025, and by email on February 20, 2025. Defendant clarified that this request

is relevant to understanding what steps Plaintiff took to protect his PII and to determine whether Plaintiff's PII had been involved in other data breaches. Plaintiff objects to this request as seeking irrelevant and duplicative information, as Plaintiff has already detailed the steps he has taken to protect his PII in his responses to Interrogatory Nos. 8, 10, 11, and 13, and Plaintiff has already detailed his involvement in other data breaches in Interrogatory No. 2. Therefore, Plaintiff stands on his objections.

**INTERROGATORY NO. 7:**

Describe any Communications You had with anyone related to the Incident or this Action. This request excludes Communications with attorneys whom You retained or sought to retain.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. Plaintiff objects to this interrogatory as seeking information that is protected by attorney-client and or work product privileges. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as overbroad and vague. Subject to these objections, and without waiving any additional objections that may come to light based on conversations with Defendant, Plaintiff responds as follows, to the best of his recollection:

Plaintiff has had conversations regarding the allegations in the Complaint with family members but is unable to recall the time, person, or substance of the conversation.

**INTERROGATORY NO. 8:**

Describe all efforts You have taken, or that have been taken on Your behalf, to mitigate against potential harm from the Incident, Your alleged losses, harm, or damages since the Incident, and identify any documents supporting and/or quantifying such efforts.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires

Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to the phrase "or that have been taken on Your behalf" as vague and ambiguous, irrelevant and unknowable. Plaintiff objects to this request as premature to the extent the actual harm and imminent risk of future harm is ongoing. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Plaintiff objects to this request as unduly burdensome and seeking irrelevant information as Plaintiff had no knowledge of or duty to predict Defendant's clandestine actions of failing to implement sufficient cybersecurity protection to protect his sensitive information and mitigate his subsequent damage. Plaintiff objects to this request as having a burdensome number of subparts because it seeks three categories of information for "all efforts" taken to mitigate the Breach. Plaintiff objects to this request as seeking information that is protected by attorney-client and/or work product privileges. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 10 and 13. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

Following the Data Breach, Plaintiff signed up for the credit monitoring services offered by Defendant.

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***



**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 9:**

Describe all education or employment provided to You by Taylor, including any PII You provided to Taylor in connection with such education or employment, and any information You received from Taylor regarding education or employment or the receipt or protection of any of Your PII.

**RESPONSE:** Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as overbroad, irrelevant, and not proportional to this litigation. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

Plaintiff was an undergraduate student at Taylor University between 1999 and 2003. Plaintiff received information from Taylor regarding the protection of his PII, in part, through Taylor's Privacy Policy and Student Consumer Information. Plaintiff does not recall the details of the PII he provided to Plaintiff, but it included at least his name, address, and Social Security number. Additionally, Plaintiff was on the University's payroll, so he likely provided additional PII in the course of receiving employment.

**INTERROGATORY NO. 10:**

Identify and describe an identity-theft prevention and/or credit monitoring services You have purchased or someone else has purchased on Your behalf within the past five years before the Incident until present. Include in Your answer the name of the service and protection provided,

the date subscribed, the period of the subscription, the cost of the subscription, all activity reported to You by the identity theft protection service, and whether You have received a settlement/refund of any of the costs paid for the service.

**RESPONSE:** Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as overbroad, irrelevant, and not proportional to this litigation. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Plaintiff objects to the time period this interrogatory and will, instead, only respond based on the time period after the Data Breach occurred. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 8 and 13. Plaintiff objects to this request as having a burdensome number of subparts because it seeks six categories of information for "any identity-theft prevention and/or credit-monitoring services you have purchased." Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

[REDACTED]

[REDACTED]

[REDACTED]

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

Additionally, following the Breach, Plaintiff signed up for the IDX credit monitoring services offered by Defendant.

**SUPPLEMENTAL RESPONSE 03/10/2025:** Defendant's February 4, 2025 letter requests that plaintiff "provide the 'date subscribed' to the various services listed" in Plaintiff's response above. The parties further met and conferred on this request on March 3, 2025. Subject to and without waiving the foregoing objections, Plaintiff's "dates subscribed" for the services he subscribed to within the past five years before the Incident until present are as follows:

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

[REDACTED]

[REDACTED]

[REDACTED]

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 11:**

Do you contend that You have suffered any injury, expense, or loss as a result of the Incident? Unless Your response is an unqualified "no," describe all injuries You have actually suffered as a result of the acts and/or omissions in the Complaint and identify all expenses and/or losses You have actually incurred as a result of the Incident. Include in Your answer the date, amount, nature of each loss or expense incurred, the name of the person, firm and/or company to

whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as premature to the extent the damages and injuries are ongoing, and subject to expert opinion and testimony.  Plaintiff objects to this request as having a burdensome number of subparts because it seeks seven categories of information for "all injuries" resulting from the Data Breach. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 2, 8, 12, and 16.  Subject to, and without waiving these objections, Plaintiff states as follows:

Following the Data Breach, Plaintiff signed up for the credit monitoring services offered by Defendant.

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 12:**

For each remaining Count in the Complaint, state the amount of damages You claim and describe how You calculated the damages.

**RESPONSE**: Plaintiff objects to the definition of "you" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with

24

documents and information in his possession, custody, or control. Plaintiff objects to this interrogatory as premature to the extent the actual harm and imminent risk of future harm is ongoing. Plaintiff objects to this interrogatory as prematurely seeking information that calls for information more properly suited to expert testimony. Plaintiff objects to this interrogatory as seeking information that is in Defendant's possession. Plaintiff objects to this request as seeking information that is protected by attorney-client and/or work product privileges. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 2, 11, and 16. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Plaintiff's initial disclosures. Subject to, and without waiving these objections, Plaintiff states as follows:

Plaintiff's computation of damages is the subject of expert testimony and will be disclosed in Plaintiff's expert report on damages. Preliminarily, Plaintiff seeks all damages authorized by law, injunctive relief, attorneys' fees, costs, and disbursements. Documents and information, when available, will be provided in conformity with Fed. R. Civ. P. 26(a)(2), and/or any order of the Court.

**INTERROGATORY NO. 13:**

For the past five years before the Incident, describe any precautions or measures You took, or that were taken on Your behalf, to protect any of Your PII (or payment card or bank account information) from unauthorized or potential unauthorized use or disclosure.

**RESPONSE**: Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with documents and information in his possession, custody, or control. Plaintiff objects to the phrase "or that were taken on Your behalf before the Data Incident" as irrelevant and ambiguous. Plaintiff objects to the time period this interrogatory and will, instead, only respond

based on the time period after the Data Breach occurred. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Plaintiff objects to this request as unduly burdensome and seeking irrelevant information as Plaintiff had no knowledge of or duty to predict Defendant's clandestine actions of failing to implement sufficient cybersecurity protection to protect his sensitive information and mitigate his subsequent damage. Plaintiff objects to this request as seeking information that is protected by attorney-client and/or work product privileges. Plaintiff objects to this interrogatory as duplicative of Interrogatory Nos. 8 and 10. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – START \*\*\***



**\*\*\* CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – END \*\*\***

**INTERROGATORY NO. 14:**

Identify each and every employer or educator, other than Taylor, to whom You have provided any of Your PII.

**RESPONSE**: Plaintiff objects to the relevance of the requested information as it has no bearing on any claims or defenses in this action. Plaintiff objects to this interrogatory as overly burdensome because providing information about other employers and educators is not proportional to the needs of the case. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. On the basis of these objections, Plaintiff will not respond to this request.

**SUPPLEMENTAL RESPONSE 03/10/2025:** The parties met and conferred on this request on March 3, 2025. Defendant clarified that this request is relevant to understanding what steps Plaintiff took to protect his PII and to determine whether Plaintiff's PII had been involved in other data breaches. Plaintiff objects to this request as seeking irrelevant and duplicative information as Plaintiff has already detailed the steps he has taken to protect his PII in his responses to Interrogatory Nos. 8, 10, 11, and 13, and Plaintiff has already detailed his involvement in other data breaches in Interrogatory No. 2. Plaintiff objects to the term "educators" as vague and ambiguous. Subject to that conversation, and without waiving the foregoing objections, Plaintiff states as follows:

Plaintiff has not had any employers in the last five years. Subject to and without waiving this objection, Plaintiff responds that he enrolled in a certification course with McAfee Institute in October 2024.

**INTERROGATORY NO. 15:**

Identify each and every authority that You, or Your attorneys, may use at trial to establish the standard of care owed by Taylor, or breach thereof, including any statute, rule, regulation, bylaw, protocol, standard, or writing of any nature by any professional group, association, credentialing body, accrediting authority, or governmental agency.

**RESPONSE:** Plaintiff objects to this interrogatory as seeking information that is protected by attorney-client and/or work product privileges. Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information in Defendant's possession, custody, or control. Plaintiff objects to this interrogatory to the extent it seeks information in the hands of third parties and/or that is readily available elsewhere. Thus, compared to Plaintiff, such information is equally accessible to Defendant. Plaintiff objects to this interrogatory as premature as discovery is ongoing, and subject to expert opinion and testimony. Plaintiff will disclose his experts and their opinions in accordance with the rules and Court's orders. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. On the basis of these objections, Plaintiff will not respond to this request.

**INTERROGATORY NO. 16:**

Describe and quantify the monetary value of Your PII or other confidential information that You claim was wrongfully used and/or disclosed as a result of the allegations in the Complaint including how You calculate its value and any data that supports Your calculation.

**RESPONSE:** Plaintiff objects to the definition of "you" and "your" to the extent it requires Plaintiff to respond on behalf of someone other than himself. He will only respond on his own behalf and with information in his possession, custody, or control. Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or the work product

doctrine. Plaintiff objects to this request as premature to the extent the damages and injuries are ongoing, and subject to expert opinion and testimony. Plaintiff will disclose his experts and their opinions in accordance with the rules and Court's orders. Plaintiff objects that this request is duplicative of Interrogatory Nos. 2, 11 and 12. Plaintiff objects to this request as exceeding the limit of 25 interrogatories set out by Fed. R. Civ. P. 33. Subject to, and without waiving these objections, Plaintiff states as follows:

Plaintiff will not respond to this request at this time. Plaintiff will comply with any schedule set by the Court regarding expert disclosures.

Dated: March 10, 2025                    STRAUSS BORRELLI PLLC

By: */s/ Brittany Resch*
Brittany Resch*
Raina C. Borrelli*
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
bresch@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops (No. 26386-49)
Amina A. Thomas (No. 34451-49)
**COHEN & MALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
athomas@cohenmalad.com

J. Gerard Stranch, IV*
Andrew E. Mize*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200

Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com

*Pro Hac Vice forthcoming*
*Counsel for Plaintiffs and the Proposed Class*

## <u>VERIFICATION</u>

I, Justin McLaughlin state that I am the Plaintiff in this matter; I have read the within and foregoing Plaintiff Justin McLaughlin's Supplemental Answers and Objections to Defendant's First Set of Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
                          Justin McLaughlin

## <u>VERIFICATION</u>

I, Justin McLaughlin state that I am the Plaintiff in this matter; I have read the within and foregoing Plaintiff Justin McLaughlin's Supplemental Answers and Objections to Defendant's First Set of Interrogatories, know the contents thereof, and believe the same to be true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Justin McLaughlin

29

Doc ID: c4f8a47f47469b397a4e86c53a1fbdf9a2fee0a0

**CERTIFICATE OF SERVICE**

I, Brittany Resch, hereby certify that on July 25, 2025, I caused the foregoing to be transmitted by email to the following:

Philip R. Zimmerly, Attorney No. 30217-06
Tyler J. Moorhead, Attorney No. 34705-73
**BOSE MCKINNEY & EVANS LLP**
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
Telephone: 317.684.5000
Facsimile: 317.684.5173
PZimmerly@boselaw.com
TMoorhead@boselaw.com

John P. Hutchins (*pro hac vice*)
**BAKER & HOSTETLER LLP**
1170 Peachtree Street NE, Suite 2400
Atlanta, Georgia 30309
Telephone: 404.946.9841
Facsimile: 404.459.0050
jhutchins@bakerlaw.com

*Counsel for Defendant Taylor University*

DATED this 25th day of July, 2025.

                    STRAUSS BORRELLI PLLC

                    By:  */s/ Brittany Resch*
                         Brittany Resch
                         STRAUSS BORRELLI PLLC
                         One Magnificent Mile
                         980 N Michigan Avenue, Suite 1610
                         Chicago IL, 60611
                         Telephone: (872) 263-1100
                         Facsimile: (872) 263-1109
                         bresch@straussborrelli.com

31